UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| *In re*: James W. Pengilly, Attorney at Law, Bar No. 6085 | Case No. 2:18-ms-00099-MMD<br>ORDER |

**I.   SUMMARY**

This is an attorney discipline matter. Before the Court is Attorney James W. Pengilly's petition for reinstatement (the "Petition"). (ECF No. 9.)[1] As further explained below, the Court will grant the Petition.

**II.   BACKGROUND**

The Nevada Supreme Court ("NSC") suspended Pengilly in 2018. (ECF No. 1.) The Court reciprocally suspended Pengilly in 2019. (ECF No. 5.)

The Petition followed. (ECF No. 9.) In his Petition, Attorney Pengilly asks to be reinstated primarily because he was reinstated by the NSC. (*Id*. at 1-2.) However, the Court noted that Pengilly had not made it clear in the Petition whether he had paid certain costs the NSC ordered him to pay, so the Court ordered Pengilly to supplement the Petition. (ECF No. 10.) Pengilly has now supplemented his Petition with two letters and a memorandum of costs from the Nevada state bar indicating he paid the fees NSC ordered him to pay. (ECF No. 16.)

**III.   DISCUSSION**

Local Rule IA 11-7(i) states that an attorney who is the subject of an order of suspension "may petition for reinstatement to practice before this court or for modification

---

[1]Mr. Pengilly filed two versions of the Petition on the docket, one with (ECF No. 9), and one without (ECF No. 8) exhibits. The Court denies the version without exhibits as moot considering the content of this order. (ECF No. 8.)

of the order as may be supported by good cause and the interests of justice." LR IA 11-7(i). The Rule further provides: "if the attorney was readmitted by the supervising court or the discipline imposed by the supervising court was modified or satisfied, the petition must explain the situation with specificity, including a description of any restrictions or conditions imposed on readmission by the supervising court." *Id.* However, the decision as to whether and under what circumstances the attorney will be reinstated to practice before this Court is left to the discretion of the Chief Judge, or other reviewing Judge if the Chief Judge refers the matter to another judge. *See id.*; *see also* LR IA 11-7(a).

The Court will grant the Petition because Pengilly has sufficiently demonstrated he has been reinstated by, and is an attorney in good standing with, the State Bar of Nevada. (ECF Nos. 9, 16.) The Court thus finds that Pengilly has shown cause to be readmitted to the bar of this Court.

**IV.     CONCLUSION**

It is therefore ordered that Pengilly's petition for reinstatement (ECF No. 9) is granted.

It is further ordered that Pengilly's version of the petition for reinstatement without exhibits (ECF No. 8) is denied as moot.

DATED THIS 12th Day of December 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and LR 5-1, I hereby certify that I am an employee of the United States District Court, and that on this 12th day of December 2023, I caused to be served a true and correct copy of the foregoing Order to the following party via Certified Mail, Return Receipt Requested, via the United States Postal Service, in a sealed envelope, postage prepaid, to the following:

>James W. Pengilly
>9811 W. Charleston Blvd., Ste. 2-827
>Las Vegas, NV 89117
>
>Certified Mail No.: 7020 3160 0000 7420 4941

>/s/ Sharon H.
>Deputy Clerk
>United States District Court,
>District of Nevada